IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| MATTHEW TWIST | § | |
| AND ROBERT TWIST, | § | |
| Plaintiffs | § | |
| | § | |
| vs. | § | |
| | § | |
| CATHERINE NORQUEST, | § | |
| MARIO SALINAS, DAVID TORRES, | § | |
| JAIMES CHAVANA, GREGORY GARCIA, | § | |
| CARMEN GONZALEZ, CIRO TREVINO, | § | |
| RAFAEL GARZA, ALFREDO LARA, | § | CIVIL ACTION NO. M-06-00~~17~~ *313* |
| FERNANDO TANGUMA, | § | |
| RAUL SALAZAR, | § | |
| OMAR PALACIOS, MELBA GONZALEZ | § | |
| RUBEN GONZALEZ, AND SEVERAL | § | |
| UNKNOWN JOHN DOE EMPLOYEES | § | |
| OF THE EDINBURG CONSOLIDATED | § | |
| INDEPENDENT SCHOOL DISTRICT | § | |
| AND OF THE HIDALGO COUNTY | § | |
| SHERIFF'S OFFICE AND HIDALGO | § | |
| COUNTY SHERIFF, HENRY ESCALON | § | |
| AND HIS SUCESSOR | § | |
| GUADALUPE TREVINO, AND | | |
| J.L. SALINAS | § | |
| Defendants | § | |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

COMES NOW MATTHEW TWIST (Plaintiff Matthew) AND ROBERT H. TWIST (Plaintiff Robert), Plaintiffs, and files this their Plaintiff's First Amended Original Petition against Catherine Norquest, Mario Salinas, David Torres, Jaime Chavana, Gregory Garcia, Carmen Gonzalez, Ciro Trevino, Rafael Garza, Alfredo Lara, Fernando Tanguma, Raul Salazar, Melba Gonzalez, Omar Palacios, Ruben Gonzalez, unknown John Doe employees of the Edinburg Consolidate Independent School District and /or the Hidalgo County Sheriff's Office and the Hidalgo County Sheriff, Henry Escalon and his successor Guadalupe Trevino, as Defendants, and would respectfully show as follows:

## I
## DISCOVERY

Discovery is intended to be conducted under Level 3 of the Texas Rules of Civil Procedure.

## II
## PARTIES

2.01     Plaintiff Robert Twist is a natural person who has been a resident of Hidalgo County, Texas at all times relevant to this petition, he is the father of and all times relevant, the legal guardian of Plaintiff Matthew Twist

2.02     Plaintiff Matthew is a natural person, who at the relevant times was a minor, has reached his majority on September 28, 2001, and at all relevant times was a resident of Hidalgo County, Texas.

## Katherine Norquest

2.03    Defendant Catherine Norquest is a natural person, who is being sued in her individual capacity where indicated and who has been properly served and has made a general appearance herein and is being represented by:

> i. the Hon. David Gorena;
> ii. the Hon. Roger W. Hughes and the Law Offices of Adams & Graham; and
> iii. the Hon. Robert L. Galligan and the Law Offices of Jones, Galligan, Key and Lozano, L.L.P.

## School District Employee's

2.04.    Defendant Mario Salinas is a natural person, who is being sued in his individual and/or official capacity where indicated and who at times relevant was employed as the Principal at the Edinburg North High School, and at other times relevant as the Assistant Superintendent of the Edinburg Consolidated Independent School District, has been duly served and has made a general appearance herein and is represented by the Hon. David Gorena.

2.05.    Defendant Ruben Gonzalez, who is being sued in his individual and/or official capacity who at  times relevant was employed as the Assistant Principal at the Edinburg North High School, has been duly served and has made a general appearance herein and is represented by the Hon. David Gorena.

## Board of Trustee's

2.06.    Defendant Melba Gonzalez is a natural person residing in Hidalgo County, Texas, who is being sued in his individual and/or official capacity who at all times relevant a member of the Board of Trustee's of the Edinburg Consolidated Independent

School District, has been duly served and has made a general appearance herein and is represented by the Hon. David Gorena.

2.07    Defendant David Torres is a natural person residing in Hidalgo County, Texas, who is being sued in his individual and/or official capacity who at all times relevant, is a member of the Board of Trustee's of the Edinburg Consolidated Independent School District, has been duly served and has made a general appearance herein and is represented by the Hon. David Gorena.

2.08.    Defendant Jaime Chavana is a natural person residing in Hidalgo County, Texas, who is being sued in his individual and/or official capacity who at times relevant is the Vice-President of the Board of Trustee's of the Edinburg Consolidated Independent School District, has been duly served and has made a general appearance herein and is represented by the Hon. David Gorena.

2.09    Defendant Gregory Garcia is a natural person residing in Hidalgo County, Texas, who is being sued in his individual and/or official capacity who at times relevant is the Secretary of the Board of Trustee's of the Edinburg Consolidated Independent School District, has been duly served and has made a general appearance herein and is represented by the Hon. David Gorena.

2.10.    Defendant Carmen Gonzalez is a natural person residing in Hidalgo County, Texas, who is being sued in his individual and/or official capacity who at times relevant a member of the Board of Trustee's of the Edinburg Consolidated Independent School District, has been duly served and has made a general appearance herein and is represented by the Hon. David Gorena.

**PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION**                                         4
**TWIST V. NORQUEST, ET AL**

2.11.    Defendant Ciro Trevino is a natural person residing in Hidalgo County, Texas, who is being sued in his individual and/or official capacity who at times relevant a member of the Board of Trustee's of the Edinburg Consolidated Independent School District, has been duly served and has made a general appearance herein and is represented by the Hon. David Gorena.

2.12.    Defendant Omar Palacios is a natural person residing in Hidalgo County, Texas, who is being sued in his individual and/or official capacity who at times relevant a member of the Board of Trustee's of the Edinburg Consolidated Independent School District, has been duly served and has made a general appearance herein and is represented by the Hon. David Gorena.

### Superintendent

2.13.    Defendant J.L. Salinas is a natural person residing in Hidalgo County, Texas, who is being sued in his individual and/or official capacity who at times relevant was the superintendent of the Edinburg Consolidated Independent School District, may be served with citation at 2502 Mon Mack Road, Edinburg, TX, 78541.

### Deputy Sheriff's

2.14.    Defendant Alfredo Lara is a natural person residing in Hidalgo County, Texas, who is being sued in his individual and/or official capacity who at  times relevant, was employed as a deputy sheriff with the Hidalgo County Sheriff's Office, has been duly served and has made a general appearance herein and is represented by the Hon. Preston Henrichson.

2.15. Defendant Rafael Garza, who is being sued in his individual and/or official capacity is a natural person residing in Hidalgo County, Texas, who at times relevant, was employed as a deputy sheriff with the Hidalgo County Sheriff's Office, has been duly served and has made a general appearance herein and is represented by the Hon. Preston Henrichson.

2.16. Defendant Raul Salazar, is a natural person residing in Hidalgo County, Texas, who is being sued in his individual and/or official capacity who at times relevant, was employed as a deputy sheriff with the Hidalgo County Sheriff's Office, has been duly served and has made a general appearance herein and is represented by the Hon. Preston Henrichson.

2.17. Defendant Fernando Tanguma is a natural person residing in Hidalgo County, Texas, who is being sued in his individual and/or official capacity who at times relevant, was employed as a deputy sheriff with the Hidalgo County Sheriff's Office, has been duly served and has made a general appearance herein and is represented by the Hon. Preston Henrichson.

2.18. Defendant John Doe's, who is being sued in his individual and/or official capacity who are unknown employees of the Edinburg Consolidated Independent Scholl District has been duly served and has made a general appearance herein and is represented by the Hon. David Gorena.

2.19. Defendant John Doe's, who is being sued in his individual and/or official capacity who are unknown employees of the Hidalgo County Sheriff's Office has been duly served and has made a general appearance herein and is represented by the Hon. Preston Henrichson.

2.20.    Defendant Henry Escalon who is being sued in his individual and/or official capacity and who was the Sheriff of Hidalgo County Texas at the time of the occurrence in question and Defendant Guadalupe Trevino, who is being sued in his individual and/or official capacity and who is the successor and current Sheriff of Hidalgo County, Texas, have been duly served and have made a general appearance herein and is represented by the Hon. Preston Henrichson.

## III
## VENUE AND JURISDICTION

3.01.    Venue is proper in Hidalgo County pursuant to Section 15.002 of the Texas Civil Practice and Remedies Code because Hidalgo County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred, and because Hidalgo County, Texas was the county of the Defendants' residences at the time the cause of action accrued.

3.02.    The District Courts of Texas, in particular the 92nd Judicial Court of Hidalgo County, Texas, has jurisdiction over the parties and over the subject matter jurisdiction.

3.03.    The Plaintiff Matthew has alleged a cause of action against only the Defendant Norquest, in her individual capacity, based upon the tort of sexual assault and/or indecency with a child, as defined by the Tex. Penal Code § 21.11 and § 22.011 in which the Texas Court's have exclusive jurisdiction over this cause of action.

3.04.    In addition, the Plaintiffs have also alleged the following state court causes

of action of against the other Defendants; in which the Texas Court's have jurisdiction over this cause of action, which are based upon:

    i.    the Texas Tort Claim Act, (premise liability);

    ii.    the Tex. Civ. Prac. and Rem. Code § 106.001(5), (discrimination), which includes punitive penalties;

    iii.    negligent interference with family relations and/or interference with a contract;

    iv.    negligence based upon various violation of the Tex. Fam. Code, which includes complex issues concerning the interpretation, applicability and/or the enforcement of various sections of the Tex. Fam. Code; including: §§ 151.001(a); 261.101; 261.103; & 261.109;

    v.    negligence based upon various sections of the Tex. Penal Code, including; 39.02; 39.03; and 39.06;

    vi.    the Tex. Education Code §§ 21.006 and 38.004; and

    vii.    civil conspiracy.

3.05.    The Plaintiff has also alleged several federal causes of action, which are pendent of the state cause of action, including, but not limited to:

    i.    the U.S. Code, including; 42 U.S.C. § 1983; and § 1985;

    ii.    the U. S. Constitution, Fourteenth Amendment, based upon discrimination and due process claims; and

    iii.    the U.S. Code, 18 U.S.C. § 2421.

3.06.    The U.S. District Court's and the State of Texas District Court's both have concurrent jurisdiction over these causes of action.

## IV
## BACKGROUND

4.01    At all times relevant, Plaintiff Matthew, age 15-16, was younger than the age of seventeen (17) and the Defendant Norquest, age 25-26, was more than three (3) years older than the Plaintiff. The Defendant Norquest and the Plaintiff Matthew have never been married. Plaintiff Matthew reached his majority on September 28, 2001.

4.02.    On or about June of 1999, Plaintiff Matthew who was fifteen (15) years old, met Defendant Norquest, who was twenty-five (25) years old and they began a relationship together.

4.03.    In August of 1999, Plaintiff Matthew was a student at the Edinburg North High School, Edinburg Consolidated Independent School District, Edinburg, Hidalgo County, Texas, and the Defendant Norquest was employed as a teacher at the Edinburg North High School, Edinburg, Hidalgo County, Texas.

4.04    In the later part of August 1999, the relationship evolved into a sexual relationship. The Plaintiff Matthew and Defendant Norquest, on numerous occasions engaged in sexual intercourse, oral sex and the intimate touching of each other's genitals and the Defendant Norquest intentionally caused the sexual organ of Plaintiff Matthew to contact or penetrate the mouth or the sexual organ of the Defendant Norquest. During this relationship, the Defendant Norquest further engaged in sexual contact with the Plaintiff Matthew by exposing her anus or any other part of her sexual organs to the Plaintiff Matthew, with the intent to arouse or gratify the sexual desire of the Defendant Norquest.

4.05.    At all times relevant, the Defendant Norquest was a public servant who coerced the Plaintiff Matthew to participate in the above stated acts.

**PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION**                                    9
**TWIST V. NORQUEST, ET AL**

4.06.    During this relationship, the Defendant Norquest on numerous occasions, in addition to the above mentioned sexual acts, she also provided alcohol to Plaintiff Matthew. A number of the above stated acts occurred in Edinburg, Hidalgo County, Texas.

4.07.    The Defendant Norquest on several other occasions also transported Plaintiff Matthew across the international border into Mexico, where they consumed alcohol and engaged in the various sexual acts described hereinabove.

4.08.    During this relationship the Plaintiff Matthew and Defendant Norquest, during school hours, on school property, often touched each other and held hands.

4.09.    During several of the above mentioned occasions, there other minor males present, who were also students at Edinburg North High School, who were also provided alcohol by Defendant Norquest.

4.10.    In December of 1999, Plaintiff Matthew moved to Corsicana, Texas, and he returned to Edinburg, Texas in the spring of 2000. While the Plaintiff Matthew was in Corsicana, the Defendant Norquest would call the Plaintiff Matthew on almost a daily basis. She also sent numerous letters to him. The phone calls and letters from the Defendant Norquest were very sexually graphic.

4.11.    Upon the Plaintiff Matthew's return to the Valley, the Defendant Norquest and Plaintiff Matthew resumed their sexual relationship.

4.12.    On or about **October 25, 2000, at approximately 6:00 a.m.,** the Plaintiff Robert discovered that Matthew was missing and that sometime during the night he had taken a large sum of money from his father.

**PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION**                                    10
**TWIST V. NORQUEST, ET AL**

4.13.   On **October 25, 2000**, **at approximately 6:15 a.m.**, Defendant Norquest received a call from her brother in law, Plaintiff Matthew's brother, wherein he was seeking any information concerning the whereabouts of his missing brother, the Plaintiff Matthew.

4.14.   On **October 25, 2000 at approximately 8:30 a.m.**, Plaintiff Twist filed a runaway/missing report with the Hidalgo County Sheriff's office, concerning his son, Plaintiff Matthew.  Plaintiff Twist provided to Defendant Lara the names and phone numbers of Defendant Norquest and another person, which he had discovered in Matthew's room.

4.15.   On **October 25, 2000 at approximately 9:50 a.m.**, Defendant Norquest received a phone call from Plaintiff Matthew, wherein she was informed that Matthew was in a hotel in Reynosa, Mexico under an assumed name, that he taken $70,000.00 from his father and that he was planning on running away to either California or Corsicana, Texas. Defendant Norquest failed to advise Plaintiff Matthew's family, or anyone else of the whereabouts of Plaintiff Matthew.

4.15.   On or about **October 26, 2000, at approximately 9:25 a.m.,** the Defendant Norquest was interviewed by Hidalgo County Deputy Sheriff, Defendant Garza. During said interview, she confessed in writing that she had "an intimate relationship" with a student, Matthew Twist. She also confessed to having taken Plaintiff Matthew to Mexico for drinks and dinner, and that she was aware that, on another occasion, the child had gone to Mexico and registered at a hotel under an alias name. She further confessed she was aware that Matthew had taken a very large sum of money from his father and that he had crossed the money into Mexico and had it in a hotel room. She

PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION                    11
TWIST V. NORQUEST, ET AL

then confessed she was aware that the child was planning to run away from home. She did not disclose this information to any authority, nor to the child's father and managing conservator, Plaintiff Robert Twist.

4.16.    The confession was made to Hidalgo County Deputy Sheriff, Rafael Garza, in the presence of two school officials, Defendant Mario Salinas, who at the time was the Principal of Edinburg North High School and Defendant Ruben Gonzalez, who at the time was the Assistant Principal of Edinburg North High School. The confession of Defendant Norquest was done at the security office of Edinburg North High School. The confession was given after being duly advised, by Deputy Sheriff Rafael Garza, of the rights known as the 'Miranda Warnings'.  Attached hereto as **Exhibit A** and incorporated herein by reference as if copied in full, is true and correct copy of said confession.

4.17.    On **October 26, 2000,** Defendant Tanguma took a sworn statement from Matthew Fike, in which, he told Defendant Tanguma, that in the early hours of October 25, 2000 he had driven Plaintiff Matthew to the border with Mexico, that he had seen Matthew in possession of large sum of cash.

4.18.    On or about **October 26, 2000 at approximately 2:30 p.m.** the Plaintiff Robert advised Defendants Tanguma, Lara, and Garza, that he believed that the possibility existed that his son might be in Mexico, and that the Plaintiff Robert was going to Mexico to look for his son.

4.18.    These Defendants, at this time, **although having actual knowledge for over 24 hours,** that the Plaintiff Matthew had called the Defendant Norquest the day before, telling her he was in Mexico, did not advise the Plaintiff Robert that his son, age 16, was in Mexico, in a hotel, with $70,000.00 in cash. These Defendants, instead, tried

to convince the Plaintiff Robert from going and looking for his son. The Plaintiff at that time went to Mexico, to go look for his son. The Plaintiff discovered the whereabouts of his son late that night.

4.19.   On or about **October 27, 2000, at approximately 9:30 a.m.** the Plaintiff picked up his son in Mexico and they returned home. That morning, while the Plaintiff Robert was enroute to pick up his son, the Plaintiff Robert received a phone call from Defendant Tanguma, in which Defendant Tanguma advised him that his son was at a hotel in Reynosa, Mexico. Upon their return, the Defendant Garza of the Hidalgo County Sheriff's Office took a statement from the Plaintiffs in regards to the missing money. This was the same deputy sheriff who the day before had taken Defendant Norquest's confession.

4.20.   The deputy sheriff Defendants, although having actual knowledge of a confession given by Defendant Norquest in which she admitted to having committed various acts which would constitute a violation of the following criminal statutes:

a.      **18 USCS § 2421**-crossing state lines for immoral purposes (felony);

b.      **Tex. Penal Code § 15.031**-criminal solicitation of a minor (felony);

c.      **Tex. Penal Code § 22.011**-sexual assault (felony);

d.      **Tex. Penal Code § 21.11**- indecency with a child (felony);

e.      **Tex. Penal Code § 21.12** –improper relationship between educator and student (felony); and

f.      **Texas Alcohol Code § 2.02**- providing alcohol to a child (misdemeanor);

in which the victim was Plaintiff Matthew, failed to inform the Plaintiff Robert that his minor son the Plaintiff Matthew had been the victim of a crime, was having an intimate

**PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION**                                          13
**TWIST V. NORQUEST, ET AL**

relationship with Defendant Norquest, a teacher at the school he attended, and that on previous occasions he had been taken to Mexico, to have some drinks, by Defendant Norquest and that his son was in Reynosa, Mexico, in a hotel under an assumed name, with $70,000.00 in cash.

4.21.   During his interview with the Plaintiff Matthew, Defendant Garza, while showing Plaintiff Matthew a picture of his father with a mustache, (an old driver license picture) told him that his father Plaintiff Robert was a drug dealer. He further warned the Plaintiff Matthew not to tell his father about the accusations of being a drug dealer, or else they would arrest him and his father.

4.22.   At the conclusion of their investigation, the Defendants who were employed by the Sheriff of Hidalgo County forwarded to the Criminal District Attorney of Hidalgo County, Texas, an offense report only concerning the theft of money.

4.23.   These Defendant's, in their offense report, failed to include any criminal charges against Defendant Norquest, of which she admitted to committing having committed various acts which would constitute violations of the following criminal statutes:

    a.    **18 USCS § 2421**-crossing state lines for immoral purposes (felony);

    b.    **Tex. Penal Code § 15.031**-criminal solicitation of a minor (felony);

    c.    **Tex. Penal Code § 22.011**-sexual assault (felony);

    d.    **Tex. Penal Code § 21.11**- indecency with a child (felony);

    e.    **Tex. Penal Code § 21.12** –improper relationship between educator and student (felony); and

    f.    **Texas Alcohol Code § 2.02**- providing alcohol to a child (misdemeanor).

4.24. The Defendant Norquest has a close relative, who at that time, was employed with the Hidalgo County Sheriff's Office and who is currently employed a sergeant with the same Sheriff's Office.

4.25. These Defendants had a non-delegable and non-discretionary duty to report the above described events to the Child Protective Services and to the Plaintiff Robert as mandated by the Tex. Fam. Code § 261.101.

4.26. The events described in the written confession were not reported to State Child Protective Services as required by law. The Defendant Norquest's conduct was not reported to the State Board of Education. Defendant Norquest was not disciplined or terminated and remained employed by the school district, for a period of almost four (4) more years. She then was employed with the P.S.J.A. Independent School District, Pharr, Hidalgo County, Texas.

4.27. Defendants Salinas, and Gonzalez, although having actual knowledge of the Defendant Norquest's confession of committing a felony sexual assault and of sexually harassing Plaintiff Matthew, failed in their statutory duty to make a report of same to the Plaintiff Robert, the school district's Superintendent, the district Title IX coordinator, child protective services, and to any other person or local law enforcement agency, as required by law. The failure to disclose the allegations is a violation of the reporting requirements of Edinburg Consolidate Independent School District's policies and procedures, the Texas Family Code, the Texas Penal Code and the Texas Education Code.

4.28. The Defendants, after having actual notice of the commission of a felony sexual assault by its employee (Defendant Norquest) on a student (Defendant Matthew)

and of the prohibited sexual harassment by Defendant Norquest, did absolutely nothing to protect Plaintiff Matthew from the continuing prohibited sexual harassment being committed by its employee upon the Plaintiff.

4.29.   On or about April of 2005, Plaintiff discovered the written confession of the Defendant Norquest, by accident, when he was pursuing an inquiry related to the theft of money. The confession was discovered in a file kept by the Sheriff's Office. Following his painful discovery, Plaintiff Robert met with some of his son's closest friends, who confirmed these events did in fact take place, and more.

4.30.   When the sheriff deputy's Defendants discovered that they had actually provided a copy of the confession of Defendant Norquest to Plaintiff Robert, they proceeded on a campaign of threats and intimidation against Plaintiff Robert.

4.31.   At this time, Plaintiff Twist had numerous discussions with the Sheriff's office concerning their failure to advise him that his son was a victim of numerous felonies committed by Defendant Norquest and of their refusal to accept and investigate a criminal complaint from Plaintiff.

4.32.   On or about July, 2005, the Plaintiff gave notice to Defendant J.L. Salinas, Superintendent of the School District of his claim. Defendant Mario Salinas, who was the Principal of the high school at the time of the incident, was now, the Assistant Superintendent of the School District.  Defendants J.L. Salinas and Mario Salinas failed to give notice of the Defendant Norquest's confession of sexual assault and/or child abuse to the State Board of Educators Certificates, as mandated by the Texas Education Code, and the School District's policy. In addition, Defendant J.L. Salinas failed to notify

the State Board of Educator's Certificates that Defendants Mario Salinas and Gonzalez had failed to make the required reports, as described above.

4.33.   On or about October 2005, the Plaintiff Robert gave each member of the Board of Trustee's of the Edinburg Consolidated School District, except Defendant David Torres and Omar Palacios notice of the Defendant Norquest's confession of committing the felony sexual assault and of the prohibited sexual harassment and of the failure of the Defendants to report same to the appropriate authorities. Defendant Torres and Palacios were also notified after they were sworn into office.

4.34.   To date, the Defendants who are members of the Board of Trustee's of the Edinburg Consolidated Independent School District have also failed in their statutory duty to comply with the reporting requirements as stated above.

4.35.   Starting in the later part of 2005, the Plaintiff had requested on numerous occasions a copy of the Plaintiff's student file from the Defendants. On or about September 8, 2006, the Defendants finally tendered the Plaintiff's student record to the Plaintiff.

4.36.   The Plaintiffs, on more than one occasion, the last being on October 4, 2006, have filed criminal charges with the Hidalgo County Sheriffs Office and others, against Defendants Norquest, Mario Salinas, J.L. Salinas and Gonzalez, alleging the various violations of the Tex. Pen. Code, as stated herein above, to date the Defendant Trevino, has failed to act on said criminal complaints.

<u>V</u>
## WRITTEN POLICIES
## A. SCHOOL DISTRICT

5.01.    The State of Texas has mandated that every school district in the State of Texas implements and enforces a Child Abuse Antivictimization Program, as provided in the Texas Education Code §38.004.

5.02.    In response to this State of Texas mandate, the Board of Trustee's of the Edinburg Consolidated Independent School District implemented and/or adopted therein, the following written policies:

A.    Code of Ethics and Standard Practices for Texas Educators;

B.    Employee's Standard of Conduct;

C.    Student Welfare: Freedom from Harassment; and

D.    Student Welfare: Child Abuse and Neglect.

5.03.    These policies of the School District set forth the minimum acceptable standards of conduct and ethics of its employees and further set forth the provisions for the reporting and investigation of any alleged violations of the stated policies and the penalties for failure to comply therewith.

## B. CODE OF ETHICS AND STANDARD PRACTICES
## FOR TEXAS EDUCATORS

5.04.    The State of Texas has established a Code of Ethics and Standard Practices of Texas Educators. This code is attached as an exhibit to the school district's Employee Standards of Conduct.  The code, states in pertinent parts, **"The Texas educator, in maintaining the dignity of the profession, shall respect and obey the**

PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION                                                  18
TWIST V. NORQUEST, ET AL

law, **demonstrate personal integrity, and exemplify honesty."** The code contains the following minimum acceptable ethics and standards:

a.      **Standard 1.7.** The educator **shall** comply with state regulations, written local school board policies, and other applicable state and federal laws.

b.      **Standard 3.2.** The educator **shall not** knowingly treat a student in a manner that adversely affects the student's learning, physical health, mental health, or safety.

c.      **Standard 3.6**. The educator **shall not** solicit or engage in sexual conduct or a romantic relationship with a student.

d.      **Standard 3.7.** The educator **shall** not furnish alcohol or illegal/unauthorized drugs to any student or knowingly allow any student to consume alcohol or illegal/unauthorized drugs in the presence of the educator.

## C.   EMPLOYEE STANDARDS OF CONDUCT

5.05.   The school district's policy in regards to the Employee Standard of Conduct states in part, that "all District employees shall perform their duties in accordance with state and federal law, district policy and ethical standards." The policy further states the all District employees are "public servants" and are subject to Title IX of the Texas Penal Code. The policy further states, in pertinent parts, as follows:

### HARRASMENT OR ABUSE

Employees **shall not** engage in prohibited harassment, including sexual harassment, of:

2. Students, as defined at FFH {**See FFG** regarding child abuse and neglect}

## RELATIONSHIPS WITH STUDENTS

Employees **shall not** form romantic or other inappropriate social relationships with students. Any sexual relationship between a student and a District employee is always prohibited, even if consensual.

## D.   STUDENT WELFARE: FREEDOM FROM HARRASSMENT

5.06.   The stated purpose of the Student Welfare: Freedom from Harassment policy is to prevent all forms of….harassment...to promote a safe environment and prevent disruptions in the educational setting, to ensure that the District employees respond to incidents of…harassment…in a manner that effectively prevents future incidents, and to prohibit active or passive support for….harassment. This policy states in pertinent parts:

## SEXUAL HARRASMENT BY AN EMPLOYEE

**Sexual harassment** of a student by a District employee **includes both welcome and unwelcome sexual advances;** request for sexual favors; sexually motivated physical, verbal, or nonverbal conduct…

**Romantic or inappropriate social relationships between students and District employees are prohibited. Any sexual relationship between a student and a District employee is always prohibited, even if consensual.**

## REPORTING PROCEDURES

Any District employee who receives notice or observes that a student has or may have experienced prohibited harassment is required to immediately report the alleged acts to an appropriate person designated below. Reports of known or suspected child abuse or neglect shall be made as required by law.

### DISTRICT OFFICIALS

1. For sexual harassment, the Title IX coordinator.

2. For all other prohibited harassment, the Superintendent.

### NOTICE TO PARENTS

The principal or District official **shall promptly notify the parents** of any student alleged to have experienced prohibited harassment by a District employee…

### INVESTIGATION

The District shall promptly investigate the allegation and the investigator shall prepare a written report of the investigation, which shall be filed with the District official overseeing the investigation.

### E. STUDENT WELFARE: CHILD ABUSE AND NEGLECT

5.07.   Every school district is mandated by the State of Texas to provide child abuse antivictimization programs in elementary and secondary schools. (See. Texas Education Code § 38.004.)  In response to this State mandate the Edinburg Consolidate Independent School District implemented its policy entitled Student Welfare: Child abuse and Neglect. This policy states in pertinent parts, as follows:

### DUTY TO REPORT

Any person who has cause to believe that a child's physical or mental health or welfare has been adversely affected by abuse or neglect by any person, **shall** immediately make a report as required by law. (Tex. Family Code 261.101)

Any professional who has cause to believe …**shall make a report within 48 hours**. A "professional" includes teachers.

A professional **may not delegate** to or rely upon another person to make the report. (Tex. Family Code 261.101(b).

**TO WHOM REPORTED**

If the alleged abuse involves a person responsible for the care, custody, or welfare of the child, the report must be made to the Texas Department of Family and Protective Services (DFPS).

All other reports shall be made to: the local or state law enforcement agency; or the state agency that certifies the facility in which the abuse occurred. (Tex. Family Code 261.103 and TAC 61.1051(a) (1))

**FAILURE TO REPORT**

The failure to report child abuse or neglect is a Class B misdemeanor. (See. Tex. Family Code § 261.109; and Texas Penal Code § 39.06). There is a further penalty under 19 TAC 249 (actions against teacher certificate) for failure to submit the required report of child abuse or neglect.

**DUTY OF SUPERINTENDENT TO REPORT TO STATE BOARD OF EDUCATION**

The Superintendent **shall** promptly notify in writing the State Board for Educator Certification, by filing a report SBEC not later than the seventh (7th) day after the Superintendent first learns about a criminal record **or alleged incident of misconduct,** involving a certified educator. (See Texas Education Code, 21.006; TAC 249.1)

### F.  HIDALGO COUNTY DEPUTY SHERRIFS

5.08.    The sheriff deputy Defendants are all peace officers in the State of Texas as defined in the Texas Code of Criminal Procedure, Art 2.12 (1).(Tex. C. Crim. P.)

5.09.   The Tex. C. Crim. P., Art 2.13, Duties and Powers, states in pertinent parts, "It is the duty of every peace officer….. **He shall** give notice to some magistrate of all offenses committed within his jurisdiction." "**He shall** arrest offenders without

warrant in every case where he is authorized by law, in order that they may be taken before the proper magistrate or court and be tried."

5.10. These Defendants are also bound by the non-discretionary duties as stated herein above in regards to the Tex. Fam. Code § 261.001, et seq., and in particular, § 261.109, which states that the failure to make such a report constitutes a Class B misdemeanor, punishable by fine, confinement in the county jail, or both.

5.11. These duties of these Defendants are non-discretionary duties imposed upon them by the Texas Legislature and the citizens of the State of Texas.

## VI
## WAIVER OF GOVERNMENAT IMMUNITY

6.01. The Plaintiff, while relying upon the facts stated herein above, allege the Defendants have waived any governmental immunity in regards to the Plaintiffs cause of action based upon an injury caused by a condition or use of personal or real property, pursuant to the Texas Tort Claim Act (T.T.C.A.) § 101.021(2), § 101.022, & § 101.025.

6.02. The Plaintiff, while relying upon the facts stated herein above, allege the Defendants have waived any immunity while acting within the scope of their employment. See T.T.C.A. § 101.001 (2), (3) & (5) and the Tex. Education Code § 22.0511(a).

6.03. The Plaintiff, while relying upon the facts stated herein above, allege the

Defendants, had no discretion in their decisions not to perform the above stated acts, and/or its failure to make a decision on the performance of on the performance or nonperformance of the above stated acts, and therefore, T.T.C.A § 101.056, in inapplicable to the non-discretionary acts of the Defendants.

6.04. There is no governmental immunity for the Defendants in regards to the cause of actions based upon the violations of the U. S. Constitution under color of state law and/or the various sections of the U.S. Code cited below.

6.05. There is no governmental immunity for the Defendant Norquest, in her individual capacity in regards to the various allegations of sexual assault or indecency with a child committed against the Plaintiff, that were not committed in regular course of her employment.

## VII
## NOTICE TO DEFENDANTS
### A. ACTUAL NOTICE

7.01. The Plaintiffs, while relying upon the facts stated herein above, allege that, the school district and the sheriff deputy Defendants, from at least since September 27, 2000, have had actual notice of the relevant facts, giving rise to the Plaintiffs causes of action, including, but not limited to the following:

    i.     the name and address of the Plaintiff;

    ii.    the dates of the relevant acts;

    iii.   the need to investigate these events;

iv.     that the Plaintiff suffered injuries and would continue to suffer new injuries as a result of the continued presence of Defendant Norquest, as a teacher on school property;

v.      that the continued presence on the school campus of the Plaintiff, a minor, and of the Defendant's employee who has sexually assaulted and/or sexually harassed the Plaintiff, constituted a continuing premise defect requiring the Defendants to either remove the Defendant Norquest and/or warn the Plaintiff; and

vi.     that the above was known by the Defendants who had a duty to investigate such events. (Texas Tort Claim Act § 101.101(c)).

## B. DOCTRINE OF FRAUDULENT CONCEALMENT

7.02.   Plaintiffs allege that the Defendants are estopped from asserting any affirmative defense to the Plaintiffs causes of action, based upon the statute of limitations, pursuant to the doctrine of fraudulent concealment.

7.03.   The Defendants by and through their acts and/or omissions as stated herein above, in particular, in the concealment from the Plaintiffs, of the above described wrongful acts of the Defendants wrongful acts, constituted fraudulent concealment.

7.04.   The Defendants' fraud, as evidenced by their failure to disclose the wrongful acts when the Defendants had a nondiscretionary duty to disclose same to the Plaintiffs deprived the Plaintiffs of an opportunity of availing themselves to their right of redress.

## C. DISCOVERY DOCTRINE

7.05.   The Plaintiffs, while relying upon the above stated facts, further allege that, due to the fraudulent concealment, by the Defendants, that the Plaintiffs first discovered the acts giving rise to their cause of action, in April of 2005.

**PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION**
**TWIST V. NORQUEST, ET AL**                                                         25

7.06.   The Plaintiffs, while relying upon the above stated facts, allege that, in addition to having actual knowledge, that the school district Defendants received formal notice of the continuing claims of the Plaintiff on or about July 25, 2005.

## D.  CONTINUING BREACH OF NON-DISCRETIONARY DUTY

7.07.   The Plaintiffs further allege that the causes of action based upon the Defendants various failures to perform their non-discretionary duties have not ceased and that each and every day that the Defendants fail to comply with these nondiscretionary duties to make the mandated reports, constitutes a continuing tort.

## D. STATUTE OF LIMITATIONS

7.08.   The applicable statute of limitation for the cause of action based upon the allegation of sexual assault as defined in the Tex. Penal Code § 22.011 and/or § 21.11 is five (5) years. (See: Tex. Civ. Prac. & Rem. Code § 16.0045(a)).

7.09.   The statute of limitations was tolled until the Plaintiff reached his majority, which was on September 28, 2001, therefore the Plaintiff Matthew had until September 28, 2006 to file his cause of action against Defendant Norquest.

7.10.   The Plaintiff Matthew filed this cause of action on September 26, 2006.

## CAUSES OF ACTION

## VIII
## SEXUAL ASSAULT BY DEFENDANT NORQUEST

8.01.   The Plaintiff Matthew, relying upon the facts stated herein above, alleges that the Defendant Norquest, was 25 years old, and that Plaintiff Matthew was 15 years old and starting in August of 1999, through the end of 2000, Norquest and Matthew had a

sexual relationship with each other, Norquest also had provided alcohol to Matthew and Norquest had also transported Matthew across state lines to have drinks and sex.

8.02.   On or about October 26, 2000 Defendant Norquest confessed under oath to having committed various acts which constitute violations of at least, for the purposes of this allegation only, the following criminal statutes:

a..   **Tex. Penal Code § 22.011**-sexual assault (felony); and

b.   **Tex. Penal Code § 21.11**- indecency with a child (felony).

8.03.   The Defendant Norquest is liable to the Plaintiff in her individual capacity for the sexual assault and/or indecency with a child she committed against the Plaintiff.

8.04. The Defendant Norquest committed the above stated acts intentionally, knowingly, or recklessly and said acts constitutes a sexual assault and/or indecency with a child upon the Plaintiff.

8.05.   As a direct and proximate cause of the acts of the Defendant Norquest has cause extreme psychological damage and emotional distress to the Plaintiff, which manifests itself, in self-mutilation by the Plaintiff, low self esteem, mental anguish and depression. The Plaintiff has suffered the above in the past, and will continue to suffer the above in the future. In addition, a victim of sexual assault is presumed to have sustained injuries, as a matter of law.

8.08.   There is no governmental immunity applicable to Defendant Norquest, in regards to this cause of action, because it is not within the scope of her employment to have sex with a 15 year old student, and these acts were committed by her in her individual capacity.

8.09.    The Plaintiff Matthew seeks to recover the economic and/or compensatory damages from the Defendant Norquest, without limitation, pursuant to Tex. Civ. Prac.& Rem. Code §41.008 (c) (5), (6) & (13).

## IX
## PREMISE DEFECT

9.01. The Plaintiff, while relying upon the facts stated herein above further alleges that the school district Defendants owned property for the purpose of operating a secondary school, known as Edinburg North High School, in Edinburg, Hidalgo County, Texas.

9.02.    The Plaintiff Matthew alleges that his presence on the property was with the knowledge of the Defendants and was for the mutual benefit of both the Plaintiff Matthew and school district Defendants, in that the Defendants received federal funds for each day that the Plaintiff was in school and that the Plaintiff had the opportunity to receive an education and to comply with the compulsory education statutes.

9.03.    The Defendants owed to the Plaintiff the same duty that a private person owes to a licensee and/or an invitee on private property.

9.04.    The Plaintiff further alleges that the continued presence on school property, while the property is being used as a secondary school, of an employee, who is a teacher and who has a position of authority over minor children, and who had admitted to having an illicit sexual affair with a student, who was a minor, constitutes a premise defect. These admissions were made in front of and her written confession was witnessed by her supervisors the Defendants Salinas and Gonzalez and Defendant Garza. In

addition Defendants Tanguma and Lara also had actual notice of the written confession and admissions made by Defendant Norquest.

9.05. On October 26, 2000, the Defendants Mario Salinas and Gonzalez had actual notice that one of the school district employee's, Defendant Norquest, had admitted under oath to having, at the very least, and among other things, an illicit sexual affair with a minor student, the Plaintiff Matthew, and they knew that her continued presence on the property created an unreasonably dangerous condition and each of these Defendants failed to either remove the danger from the property and/or to warn the Plaintiff of the danger.

9.06. The school district Defendants each owed a statutory duty to the Plaintiff to enforce the above stated school district written policies, and all the Defendants each had a non-delegable and non-discretionary duty to each  make a report of all suspected cases of child abuse or neglect within 48 hours of becoming aware of same. (See. Texas Family Code § 261.101).

9.07. All these Defendants are considered 'professional's' and they cannot rely upon another person to make the report. (See. Texas Family Code § 261.101(b)).

9.08. The Defendant Salinas and Gonzalez while acting in the capacity of the principal and assistant principal of the high school, in addition to the above stated duties, had the additional non-delegable and non-discretionary duty to notify the Plaintiff Robert of the child abuse, sexual assault and/or the sexual harassment committed by the Defendant Norquest against the Plaintiff Matthew. To date these defendants has yet to notify the Plaintiff Robert.

9.09.   Each Defendant breached their statutory duty by failing to report on and by failing to disclose the sexual abuse, illicit sexual relationship and/or sexual harassment committed against Plaintiff Matthew, by Defendant Norquest to the Plaintiff Robert, to the District Title IX coordinator, to the District Superintendent, to the local law enforcement agency, and to the Child Protective Services as set forth in the School District's written policy, the Texas Family Code and the Texas Administrative Code.

9.10.   The various acts and/or omissions committed by the Defendants as stated above constitute negligence, which were a proximate cause of the injuries sustained by the Plaintiff.

9.11.   The Plaintiff Robert did not have knowledge that the Defendant Norquest was a sexual predator and that she had an illicit sexual relationship with Plaintiff Matthew, and he had no notice of her confession.

9.12.   The Defendant's had a non discretionary duty to either warn the Plaintiffs that a sexual predator was present on their property, or they had a non-discretionary duty to make the premises reasonably safe. The Defendants failure to either warn the Plaintiffs of the danger or to make the premises reasonably safe, constituted negligence which was a proximate cause of the Plaintiff's injuries.

### Failure to Protect Plaintiff from Continued Sexual Harassment

9.13.   The school district Defendants owed  a statutory duty to Plaintiffs to 'prevent all forms of….harassment...to promote a safe environment and prevent disruptions in the educational setting , to ensure that the District employees respond to

incidents of…harassment…in a manner that effectively prevents future incidents, and to prohibit active or passive support for….harassment'.

9.14.    The school district Defendants owed a statutory and a common law duty to the Plaintiffs to take any and all corrective and/or preventative action, after they had had notice of the sexual assault, child abuse and/or sexual harassment being committed by its employee against the Plaintiff Matthew, to protect the Plaintiff Matthew from the further sexual assault and sexual harassment from the school district Defendant's employee.

9.15.    These Defendants, after receiving notice of the above facts, instead of taking the necessary remedial action necessary to protect the Plaintiff, they not only chose to conceal the sexual assault and/or child abuse from the Plaintiff and other authorities, but they then facilitated the Defendant Norquest to continue to commit her felony sexual assault and/or sexual harassment against the Plaintiff, on property used as a secondary school, which in fact she did continue to commit.

9.16.    After October 27, 2000 the Defendant Norquest, while on school property, continued to have an illicit romantic, sexual relationship, which constituted sexual harassment, with the Plaintiff Matthew, while he was still a student.

9.17.    The failure of the Defendants to either warn the Plaintiff Robert of the known danger or to make the premises reasonably safe was a proximate cause of the Plaintiff Matthew's injuries.

9.18.    Defendants breach was the proximate cause of Plaintiff's injuries, which are described below.

# X

## CONSPIRACY

10.01.  The Plaintiffs, while still alleging on the above stated facts, further allege that the acts/omissions of the school district Defendants and of the sheriff deputy Defendants, constitute civil, criminal conspiracy, and/or aiding and abetting.

10.02.  Each of these Defendants had a special relationship with the Plaintiffs, in particular, that of the educator-student (who was a minor), and that of the law enforcement officers and a minor child and his parent, when the minor child was the victim of a crime. Each of these Defendants failed to disclose several material facts within their knowledge, knowing that the Plaintiff was ignorant of the facts and did not have an equal opportunity to discover the truth. These Defendants had no discretion in whether or not to notify the parent that his child was the victim of a sexual assault by a school teacher and/or that a known sexual predator was on the school campus.

10.03.  These Defendants took no action of any kind to protect Plaintiff Matthew from the continued sexual harassment and/or sexual assault of its employee Defendant Norquest, in violation of the Texas Penal Code § 39.03(a)(3).

10.04.  Instead of taking reasonable and necessary steps to protect the Plaintiff, these Defendants conspired in a combined effort to cover-up and fraudulently conceal the felony acts committed by the Defendant Norquest against the Plaintiff Matthew, and in doing so violated the Texas Penal Code § 39.02 (a)(1) and § 39.03 (a) (2).

10.05.  Each of these Defendants, by their acts/omissions conspired not to prevent the continued sexual assault and/or sexual harassment of the Defendant Norquest and also

11.07. The above acts/omissions of these Defendants constitute negligence and were a proximate cause of the injuries suffered by the Plaintiff.

## XII

## TORTIOUS INTERFERENCE WITH FAMILY RELATIONS

12.01. The Plaintiffs further allege that at all times relevant, the Defendants knew that the Plaintiffs were father and son, that the Plaintiff Robert was divorced and that he had court ordered custody of the Plaintiff Matthew.

12.02. The Defendants owed a duty to the Plaintiffs to exercise ordinary care to prevent a tortuous interference with family relations.

12.03. In addition to the above, the Texas Family Code § 151.001(a), provides in part that 'a parent of a child has the following duties and privileges: (2) the duty of care, control, and protection… (3) the duty to provide medical care…(7) the right to make decisions of substantial legal significance….(10) the right to make decisions concerning the child's education…"

12.04. These rights and duties were awarded to Plaintiff Robert pursuant to a Decree of Divorce in Cause No.C-1296-96-A, in the 92nd Judicial District, Hidalgo County, Texas and as such, any interference with these rights is enforceable under contract law in the District Courts of Texas. The Defendants had actual notice of the contents of the divorce decree.

12.05. The Defendants breached their duty owed to the Plaintiffs, by their failure to notify the Plaintiff Robert, who was legal guardian of the abused child, of the child abuse or neglect, and thus depriving the Plaintiff Robert of being able to enjoy and perform his rights, duties and/or privileges as a parent and thereby interfered with the

conspired to prevent the Plaintiffs from taking some action and/or prohibited the Plaintiffs from taking the following, but not limited remedial action: enjoying an harassment free environment to pursue his education, pursuing legal action, protecting his son from continued sexual harassment while at school, and from seeking the necessary medical treatment for the Plaintiff Matthew.

10.06.  The complained of conduct of the Defendant's referred to above constitutes a conspiracy because each Defendant attempted to and actually did thwart the reporting provisions of the Texas Family Code, the School District's written policy, the Texas Education Code and the Texas Penal Code.

10.07.  There was a meeting of the minds of the Defendants to circumvent the statute and the reporting policies and procedures of the school district and/or the applicable state law.

10.08.  These acts/omissions of the Defendants constitute a civil and/or criminal conspiracy and/or aiding and abetting in the commission of a tort, thereby rendering all the Defendants jointly and severally liable to the Plaintiffs for their injuries.

10.09.  The Plaintiffs further allege that these acts, which when viewed objectively from the Defendants' standpoint at the time they occurred, involved an extreme degree of risk considering the probability and magnitude of the potential harm to the Plaintiff Matthew; and Defendants had actual, subjective awareness of the risks involved, but nevertheless preceded with conscious indifference to the rights, safety, or welfare of the Plaintiffs.

10.10.  These Defendant acted intentionally or recklessly with extreme and outrageous conduct, causing the Plaintiffs injuries.

## XI
## OFFICIAL OPPRESSION

11.01.  The Plaintiffs, while relying upon the above stated facts, further alleges that Defendants Salinas and Gonzalez and the Defendants who are list above as being employed as deputy sheriff's were at all times relevant, public servants and were acting under color of their office at all times relevant to this allegation.

11.02.  Further, the Defendants, were negligent, in the following acts and/or omissions including, but not limited to; the concealment of the confession of Defendant Norquest from the school district's superintendent, child protective services, the criminal district attorney and the Plaintiff Robert, and from the failure to protect the Plaintiff Matthew from the continued sexual assaults and/or sexual harassment committed by the Defendant Norquest; constitutes abuse of official capacity, official oppression and/or misuse of official information.  (See: Tex. Penal Code § 39.02 (a) (1) & (2); § 39.03 (a) (2) & (3) and § 39.06 (a) (3))

11.03.  The sheriff deputy Defendants, as peace officer's in the State of Texas, had a non-discretionary duty to give notice to some magistrate of all offenses committed within his jurisdiction, where he has good reason to believe there has been a violation of the penal law. (See Tex. Code of Criminal Procure Art. 2.13)

11.04.  These Defendant's after they had actual notice of Defendant Norquest having had committed these acts, were negligent in the performance of their non-

discretionary duty to notify the proper authorities and Plaintiff Robert, which resulted in the continued sexual harassment and/or sexual abuse of Plaintiff Matthew, which denied and/or impeded the Plaintiffs in the exercise and/or enjoyment of their rights and/or privileges, including the right to the integrity of his person and the right to pursue enjoy a public education in a safe environment, free of sexual harassment and the right to pursue legal remedies necessary to protect the Plaintiffs and interfered with the family relationship of the Plaintiffs.

11.05.  The deputy sheriff's Defendants, while conducting their investigation concerning a missing child (Plaintiff Matthew), had a duty to immediately advise Plaintiff Robert, that they had obtained a written confession, which contained an admission of the actual knowledge of the whereabouts of son. These Defendants were fully aware that a potentially extremely dangerous situation existed, in that the Plaintiff Matthew was sixteen (16) years old, in Reynosa, Mexico, under an assumed name, and that he had $70,000.00 in cash with him.

11.06.  These Defendants not only failed to advise the Plaintiff Robert that they possessed the knowledge of the whereabouts of his son, but in addition, when the Plaintiff Robert specifically advised these Defendants, that he was going to Mexico to look for his son, they withheld and concealed the whereabouts of his child from him and attempted to persuade him from searching for his son. In addition, the sheriff deputy Defendants, upon the Plaintiffs return from Mexico, these Defendants, instead of advising the Plaintiff Robert of the illicit affair between Defendant Norquest and his minor son, Plaintiff Matthew, they decided to threaten the Plaintiff Matthew, with the arrest of his father, on trumped up drug charges.

family relationship of the Plaintiffs and interfered with the Plaintiff's statutory and contractual rights and in the performance of his duties and in enjoying his privileges as a parent, in the following, but not limited to manner; in that the Plaintiff

was prevented from:

   i.     protecting his minor child from further sexual assault and/or sexual harassment from an adult;

   ii.    providing the necessary medical care required as a direct result of the sexual assault and/or sexual harassment committed against his minor son;

   iii.   making significant decisions regarding his education, in whether or not to continue to allow his minor son to attend a public secondary school, which knowingly employ's and refuses to remove from the school property, a teacher who has admitted to having committed numerous felonies against the minor son of the Plaintiff; and

   iv.    making significant legal decisions concerning his minor son, in particular the right to file criminal charges against the person(s) responsible for having committed various criminal acts against his minor son;

   v.     failing to advise and notify Plaintiff Robert that his son, Plaintiff Matthew, a minor, was in an extremely dangerous situation, which could potentially result in extreme injury and/or death to the Plaintiff.

   12.06.  Further, the school district Defendants owed a statutory and a common law duty to Plaintiff Matthew, "to care for and protect him", while he was under their control. (See. Texas Family Code § 151.001(a)).

   12.07.  The above acts/omissions of the Defendants constitute negligence interference with the family relationship of the Plaintiffs, and which were a proximate cause of the injuries sustained by the Plaintiffs, including, but not limited to: loss of love,

advice, comfort, mental distress and anguish, loss of childhood, loss of consortium, and loss of parent-child relationship, for which the Plaintiffs hereby sue.

## XIII
## DISCRIMINATION BECAUSE OF SEX

13.01.  The Plaintiff while relying upon the above stated facts, further allege that the Defendants, while acting in their official capacity, refused to grant a benefit to the Plaintiff based upon the Plaintiff's sex, in violation of the Texas Civ. Prac. & Rem. Code § 106.001(5).

13.02.  The Plaintiff is entitled to receive all the benefits of a public education, including the right to be equally protected under the law, which includes, the benefit and right of enjoying an educational environment free of sexual harassment, and the right to file criminal charges against a child molester.

13.03.  The Plaintiff further alleges that the Defendant's refusal and/or failure to notify the proper authorities and the Plaintiff Robert and make the mandated reports was based, in part,  upon the fact the victim of the sexual assault and abuse was a male and the perpetrator was a female.

13.04.   The Plaintiff further alleges that here can be no doubt that if it was a 26 year old male teacher who had a sexual relationship with a 15 year old female student, that the teacher would have been immediately arrested, fired and prosecuted.

13.05. The Plaintiff alleges that the Defendants failure to enforce the school

district policies and/or the Defendants failure to comply with the various state statutes, which mandated that notice be given to the Plaintiff was due, in part, of the fact that a male was the victim of a sexual assault and/or sexual harassment and the perpetrator was a female, that the Defendants knowingly committed these acts/omissions, in violation of the Texas Civ. Prac. & Rem. Code § 106.001(5).

13.06.  The Plaintiff seeks all remedies and penalties available pursuant to Tex. Civ. Prac. & Rem Code § 106.002 & 106.003, which provides that a person commits an offense if a person knowingly violates § 1006.001, said offense is a misdemeanor punishable by a fine of not more than $1,000.00; confinement in the county jail for not more than one year, or both the fine and confinement.

## XIV
## DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT

14.01   The Plaintiff Matthew, while relying upon the above stated facts, and specifically reasserting all causes of action stated herein above where applicable constitute a basis of all or part of a federal cause of action, further alleges the he has a liberty interest in his bodily integrity that is protected by the substantive due process clause of the Fourteenth Amendment to the U. S. Constitution.

14.02.  The physical sexual assault and/or abuse and/or sexual harassment, as set forth herein above, by the Defendant Norquest, a school employee against the Plaintiff, a student, violated that right.

14.03.  The Defendants, as stated herein above, had actual knowledge of

facts, by the confession of Defendant Norquest of having committed various acts that pointed plainly toward a conclusion that Defendant Norquest had committed a sexual assault against Plaintiff Matthew, and in the face of that knowledge, Defendants failed to take necessary steps to prevent Defendant Norquest's continued sexual abuse of Plaintiff Matthew.

14.04.   The Plaintiff further alleges that the Defendant's refusal and/or failure to notify the proper authorities and the Plaintiff Robert and make the mandated reports was based, in part, upon the fact the victim of the sexual assault and abuse was a male and the perpetrator was a female.

14.05.   The Plaintiff further alleges that there can be no doubt that if it was a 26 year old male teacher who had a sexual relationship with a 15 year old female student, that the teacher would have been immediately arrested, fired and prosecuted.

14.06.    Further, the acts/omissions of the Defendants are in violation of the following U.S. statutes and/or codes; including, but not limited to, 42 U.S.C. § 1983 and § 1985.

14.07.   As a result of the above stated violations committed by the Defendants, under the color of state law, deprived the Plaintiffs of rights guaranteed under the U.S. Constitution.

14.08.   The Plaintiffs were injured as a direct and/or proximate cause of the acts/omissions of the Defendants for which they hereby sue, for all relief provided therein.