## XV
## FAILURE TO SUPERVISE

15.01. The Defendants Salinas and Gonzalez, while acting in their supervisory capacity, are personally liable to the Plaintiffs for the acts of Defendant Norquest, due the above listed acts/omissions. Further the school board Defendants while acting in their supervisory capacity over Defendants Salinas and Gonzalez are personally liable for the acts/omissions of Defendants Salinas and Gonzalez.

15.02. The Plaintiffs, while relying upon the above stated facts, further allege that:

i. the Defendants Salinas and Gonzalez had actual notice of the admissions of Defendant Norquest on or about September 26, 2000;

ii. the Plaintiff Matthew attended the same school that the Defendant Norquest was employed as a teacher;

iii. the Defendant Norquest was allowed to be employed by the school district for an additional four (4) years;

iv. during the above period, Defendant Salinas was promoted to the position of assistant superintendent of the school district;

v. the school board Defendants had actual notice of the admissions of Defendant Norquest in July of 2005 and again in November of 2005; and

vi. these Defendants failed to make the required report to the Texas Board of Education, thus allowing another school district to employ the Defendant Norquest, without the knowledge that she sexually assaulted and/or sexually harassed a minor student.

15.03. The failure of the Defendants to take any action that were obviously necessary to protect the Plaintiff Matthew from the continued abuse, and their conspiracy to cover-up and conceal the abuse from the Plaintiff, and their failure to take any action

against Defendant Norquest, thereby exposing the Plaintiff, as well as other minor students, under their control, to the very real possibility of having their minor students, entrusted in their care, to additional sexual assaults and/or sexual harassment by their employee, Defendant Norquest and by their continued failure to notify the Texas Board of Education, not once, but three (3) times, thus exposing another unsuspecting school district to a sexual predator, demonstrated a deliberate indifference toward the constitutional rights of the Plaintiff and to the public.

15.04. This failure of the Defendants caused a constitutional injury to the Plaintiff, for which he hereby sues.

## XVI
## ATTORNEY FEE'S

16.01. The Plaintiffs were required to retain the services of the undersigned attorney and they are entitled to recover all reasonable and necessary attorney fees incurred to protect their rights, pursuant to 42 U.S.C.§ 1983, and § 1985.

## XVII
## DAMAGES

17.01. The Plaintiff Matthew seeks to recover the economic and/or compensatory damages, and punitive damages, from the Defendant Norquest, without limitation, pursuant to Tex. Civ. Prac.& Rem. Code §41.008 (c) (5), (6) & (13).

17.02. The Plaintiffs seek recovery for all actual damages, economic and/or compensatory against the Defendants, jointly and severally, that is available to them as plead herein above at law or in equity.

17.03. Plaintiff seeks recovery of punitive damages, against the Defendants,

individually and/or jointly and severally, as pled herein above, without limitation, pursuant to Tex. Civ. Prac.& Rem. Code §41.008 (c) (13).

## XVIII
## PUNITIVE DAMAGES

18.01. The conduct of the Defendants was so outrageous in character and as extreme in degree as to go beyond all possible bounds of decency, and to be regarding as atrocious, and utterly intolerable in a civilized community.

18.02. The Defendants conduct as described herein above was done with malice, willfulness, or with callous and reckless indifference to the safety or rights of others.

18.03. The complained of conduct referred to above by each Defendants in failing to act upon the facts known to them, and to report or to disclose the information and together with the failure to protect the Plaintiff Matthew, after it had actual notice of the confession of the Defendant Norquest, from the continued sexual harassment, together with the continued conspiracy to cover-up, thereby exposing countless more students to being sexually abused by a teacher and in the conspiracy to conceal the real facts, in concealing the whereabouts of Plaintiff Matthew, when they knew that he was in an extremely dangerous situation, from the Plaintiff Robert, justify the imposition of punitive damages, within the discretion of the trier of fact, for which the Plaintiffs hereby sue.

# XIX
# PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays, that after notice and hearing, that this Court grant Plaintiffs grant judgment against the Defendants, as pled hereinabove in the above referenced capacities, the following categories of relief:

a.  all economic and/or compensatory damages, past and future, as stated herein above,

b.  all remedies and penalties pursuant to Tex. Civ. Prac. & Rem. Code § 106.002 & § 1006.003. ;

c..  Remedies and Penalties available pursuant to the Tex. Education Code;

e.  Punitive damages;

f.  attorney fees;

g.   Pre-judgment interest at the maximum rate allowed by law;

h.  Post-judgment interest at the maximum rate allowed by law; and

i.   Court costs and for such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**LAW OFFICE OF STEPHEN T. LEAS**
5301 North McColl Road

P.O. Box 2257

McAllen, Texas 78502-2257
Telephone (956) 618-5327
Telecopy (956) 972-0313

By: _____
STEPHEN T. LEAS
State Bar No. 12095255

## VERIFICATION

THE STATE OF TEXAS § 
COUNTY OF HIDALGO §

BEFORE ME, the undersigned Notary Public, on this day personally appeared Robert Twist, a person whose identity is known to me. After I administered an oath to her, upon his oath he said he read the foregoing and attached Plaintiff's First Amended Original Petition, and that the facts stated therein are within his personal knowledge, where indicated, and are true and correct.

_____
ROBERT TWIST

SWORN TO AND SUBSCRIBED BEFORE ME by ROBERT TWIST on November __, 2006.

_____

Martha S Luengo
My Commission Expires
08/05/2009

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing document has been forwarded to all attorneys of record and interested parties, on November 28, 2006.

29

_____
STEPHEN T. LEAS

**Attorney for sheriff deputy Defendants**
Hon. Preston Henrichson
Hon. Marissa Carranza Hernandez
Law Office of Preston Henrichson, P.C.
222 West Cano
Edinburg, TX 78539
Telephone: (956) 383-3535
Telefax:    (956) 383-3585

**Attorney for school district Defendants**
Hon. David R. Gorena
Gorena & Trevino
420 West University
Edinburg, TX 78539
Telephone: (956) 316-1211
Telefax:    (956) 383-7311

**Associate Counsel for Defendant Catherine Norquest**
Hon. Roger W. Hughes
Adams & Graham
222 E. Van Buren, West Tower
P.O. Drawer 1429
Harlingen, TX 78551
Telephone: (956) 428-7495
Telefax:    (956) 428-2954

**Associate Counsel for Defendant Catherine Norquest**
Hon. Robert L. Galligan
Jones, Galligan, Key, & Lozano, L.L.P.
P.O. Drawer 8041
Weslaco, TX 78599-9402
Telephone: (956) 968-5402
Telefax:    (956) 969-9402

# EXHIBIT "A"

Case 7:06-cv-00103 Document 39-18 Filed 03/29/2006 Page 7 of 10

## Hidalgo County Sheriff's Department
## Miranda Warnings

Before you are asked any questions, it is my duty to advise you of your rights and to warn you of the consequences of waiving these rights.

*CN* 1. You have the right to remain silent and not make any statement at all and that any statement you make may be used against you at your trial.

*CN* 2. Any statement you make may be used as evidence against you in court.

*CN* 3. You have the right to have a lawyer present to advise you prior to and during any questioning.

*CN* 4. If you are unable to employ a lawyer, you have the right to have a lawyer appointed to advise you prior to and during any questioning; and

*CN* 5. You have the right to terminate the interview at any time.

PERSON RIGHTS WERE GIVEN TO: _Catherine Norquest_
(SIGNATURE)

OFFICER GIVING RIGHTS: _Rafael Henya_
(SIGNATURE)

### WAIVER

DO YOU UNDERSTAND YOUR *MIRANDA WARNINGS?* YES _CN_ ✓ NO ___

IF SO, WOULD YOU LIKE TO WAIVE YOUR RIGHTS? YES _CN_ NO ___

_Catherine Norquest_
(Signature)

_Rafael Henya_
(Officer's Signature)

DATE: _10-26-00_

TIME: _9:25 AM_

LOCATION: _Edinburg North High School security office_

## HIDALGO COUNTY SHERIFF'S DEPARTMENT
## VOLUNTARY STATEMENT OF ACCUSED

State of Texas}                                    County of Hidalgo}

I, Catherine Norquest, after being duly warned by Rafael Garza _____, the person to whom this statement is made, that:

CN 1. I have the right to remain silent and not make any statement at all and that any statement I make may be used against me at my trial;
CN 2. Any statement I make may be used as evidence against me in court;
CN 3. I have the right to have a lawyer present to advise me prior to and during any questioning;
CN 4. If I am unable to employ a lawyer, I have the right to have a lawyer appointed to advise me prior to and during any questioning;
CN 5. I have the right to terminate the interview at any time.

And prior to and during the making of this statement, I knowingly, intelligently and voluntarily waive those rights set forth in this document and having knowingly, intelligently and voluntarily waived those rights, I do hereby make the following free and voluntary statement:

My name is Catherine Norquest I am 26 years old I live alone at 2003 West Villa Linda Apartment 4 in Edinburg Texas. I wish to say that I have known Mathew Twist since June of 1999. I met him through my sister Caroline Norquest, who is engaged to Patric Twist Mathew's brother. I work as an assistant orchestra director at Edinburg North High school. Mathew and I have had an intimate relationship but not a sexual one since January 2000. I have gone to Mexico once for drinks and dinner this was around June or July of this year with out. On Wednesday October 25, 2000 at about 6:15 a.m. Patric called me and told me that "Something has happened Mathew is gone. Do you know anything." I said "I didn't know anything" On that same day Mathew called me at around 9:50 p.m. from Mexico, he told me that he was registered in a hotel under the name Raul Escobar he did not tell me which hotel. He told me that he saw his father's money in a closet back home. He told me it was "70,000 and that he took it. He told me that he was only going to be there till saturday, and that he wanted for me to pick him up at the cigar bar in Reynosa. I told him that I didn't remember how to get there. He told me to meet him at the intersection at the end of the bridge on the mexican side. I told him I don't know we will talk about this later. He said I'll call you tomorrow. He told me that he rolled around naked on the bed with the money. Mathew told me that he paid Matt Fike and another guy named Sammy I don't know his last name to drive him across. I don't know them. He told me that when he was going to San Fransisco when he got back, or to his sisters house in Austin or his mothers house in Corsecana

Statement taken by: _Rafael Garza_ _____ (Officer)

Start Time: _____ End Time: _10:57 am_   Translation YES / _NO_  Page: ___

Date: _10-26-00_  Case# _____

_Maribel Palmio_
**Witness**

_Catherine Norquest_
**Accused**

_John Bangsley_
**Witness**   ms 9/98