UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| MATTHEW TWIST, *et al*, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL NO. M-06-313 |
| | § | |
| ALFREDO LARA, *et al*, | § | |
| | § | |
| Defendant. | § | |

## ORDER GRANTING AND DENYING IN PART
## DEFENDANTS' MOTIONS TO DISMISS

Now before the Court for consideration are several Motions and Supplemental Motions to Dismiss by each of the Defendants—Catherine Norquest-Vasquez ("Norquest-Vasquez"), individual employees of the Hidalgo County Sheriff's Department (collectively "Sheriff Dept. Defendants"), and individual employees of the Edinburg Consolidated School District (collectively "School Dist. Defendants").[1] (Docs. 4, 7, 10, 29, 41, 60, 76). After reviewing the pleadings, responses, and replies the Court **GRANTS AND DENIES IN PART** Defendant Norquest-Vasquez Motion to Dismiss (Docs. 4, 41, 72), **GRANTS** Sheriff Dept. Defendants' Motion to Dismiss (Docs. 7, 10, 60), and **GRANTS** School Dist. Defendants' Motion to Dismiss (Docs. 29, 76).

### I. Background

On September 26, 2006, Plaintiff Matthew Twist ("Plaintiff Matthew") and his father, Plaintiff Robert Twist ("Plaintiff Robert") filed suit against Sheriff's Dept. Defendants, Defendant Norquest-Vasquez, and School District Defendants in the 92nd Judicial District Court in Hidalgo County, Texas bringing numerous state and federal law claims based on an alleged

---

[1] Plaintiffs have sued Catherine Norquest, Mario Salinas, David Torres, Jaime Chavana, Gregory Garcia, Carmen Gonzalez, Ciro Trevino, Rafael Garza, Alfredo Lara, Fernando Tanguma, Raul Salazar, Omar Palacios, Melba Gonzalez, Ruben Gonzalez, and several unknown John Doe Employees of the Edinburg Consolidated Independent School District and the Hidalgo County Sheriff, Henry Escalon and his successor Guadalupe Trevino, and J.L. Salinas. (Doc. 39).

sexual relationship that occurred in 1999 through 2000 between Plaintiff Matthew, who was a 15 year old minor at the time, and Defendant Norquest-Vasquez, who was a 25 year old assistant orchestra director.[2] (Doc. 39). Plaintiffs also claim that during this alleged relationship, Defendant Norquest-Vasquez provided alcohol to Plaintiff Matthew and other minor males, as well as transported Plaintiff Matthew into Mexico to engage in the above acts.[3] (Doc. 39 at 10).

In December 1999, Plaintiff Matthew moved temporarily, and then returned to Edinburg in the spring of 2000. *Id*. During Plaintiff Matthew's time away, Plaintiffs allege that Defendant Norquest-Vasquez sent him sexually graphic letters and telephoned him daily. *Id*. When Plaintiff Matthew returned to Edinburg, the alleged sexual relationship continued. *Id*.

On October 25, 2000, Plaintiff Robert Twist noticed that his son was missing and that a large sum of money had been taken from his home. *Id*. According to Plaintiffs, Matthew's brother called Norquest-Vasquez seeking information regarding Matthew. *Id*. at 11. Plaintiff Robert filed a missing report with the Hidalgo County Sheriff's office, also giving them Norquest-Vasquez's phone number. *Id*. Thereafter, Matthew called Norquest-Vasquez to inform her that he had traveled to Reynosa, Mexico and had taken $70,000.00 from his home.[4] *Id*. Plaintiffs allege that Norquest-Vasquez did not inform anyone of Matthew's location at the time that he had called her. *Id*. It was not until a Hidalgo County Sheriff Deputy had interviewed Defendant Norquest-Vasquez that she allegedly "confessed" to having "an intimate relationship" with Matthew and informed them of his whereabouts.[5] *Id*. Plaintiffs claim that the Sheriff's Dept. waited over a day to inform Plaintiff Robert that his son was in Mexico.[6] *Id*. On October 27, 2000, Plaintiff Robert found Matthew in Mexico and returned to the United States. (Doc. 39 at 13). The Hidalgo Sheriff's Dept. forwarded the investigation to the Criminal District Attorney; however, the offense report only included the money theft. (Doc. 39 at 14). No charges were

---

[2] On October 25, 2006, Sheriff's Dept. Defendants timely removed this case as required by 28 U.S.C. § 1446(b) and 28 U.S.C. § 1441(b) on the grounds that this Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1331. On January 10, 2007, this Court denied Plaintiff's motion to remand. (Doc. 23).

[3] Defendant Norquest-Vasquez's sister is married to Plaintiff Matthew's brother. (Doc. 39 at 11).

[4] According to Plaintiffs, Matthew also informed Norquest-Vasquez that he planned to run away to California or Corsicana, Texas. (Doc. 39 at 11).

[5] The alleged confession states in relevant part: "Matthew and I have had an intimate relationship but not a sexual one since January 2000." (Doc. 39, attach. 1 at 10). Hidalgo County Deputy Sheriff Rafael Garza, Defendant Mario Salinas (Principal of Edinburg North High School), and Defendant Ruben Gonzalez (Asst. Principal of Edinburg North High School) were present at the security office of Edinburg North High School during the time Defendant Norquest-Vasquez wrote her 'confession.' (Doc. 39 at 12).

[6] Plaintiffs aver that Defendant Norquest-Vasquez has a close relative who was employed with the Hidalgo County Sheriff's Office at the time of the incident. (Doc. 39 at 15).

brought against Defendant Norquest-Vasquez, and Plaintiffs contend that all Defendants had a non-delegable and non-discretionary duty to report these above-referenced activities to Child Protective Services and to Plaintiff Robert Twist.[7] *Id.* at 14-15.

In April 2005, upon pursuing an inquiry related to the above-referenced money theft, Plaintiff Robert Twist found Defendant Norquest-Vasquez's written "confession."[8] It was not until September 26, 2006 that Plaintiffs filed suit. All Defendants now move to dismiss based on numerous grounds.[9] The Court will review each motion below.

### A. Defendant Norquest-Vasquez's Motion to Dismiss under FED. R. CIV. P. 12(b)(6)

(Docs. 4, 41, 72).

Defendant Norquest-Vasquez moves to dismiss Plaintiffs Robert's and Matthew's claims for failing to state a claim for which relief can be granted.[10] *See* FED. R. CIV. P. 12(b)(6). Regarding Plaintiff Robert's claims, Defendant Norquest-Vasquez argues that: (a) they are barred by statute of limitations; (b) he lacks standing; (c) the state law tort claims are barred by TCPR 101.106 because Plaintiffs decided to sue the Edinburg School District; (d) there is not a private cause of action for alleged deprivation of liberty or property without due course of law under the Texas Constitution; (e) there is no cause of action under 20 U.S.C. § 1681 (Title IX) for individual employees of school districts; (f) there is no violation of 42 U.S.C. 1981 because Plaintiffs have not alleged discrimination based on race, but only on sex; (g) Plaintiffs have not alleged specific facts regarding their 42 U.S.C. § 1985 claim; (h) there is not a private cause of action for civil damages under 42 U.S.C. § 2000c-8; and (i) Plaintiffs have not alleged specific facts regarding their 42 U.S.C. § 2000d (Title VI) claim. (Doc. 4 at 3).

### B. Sheriff Dept. Defendants' Motion to Dismiss under FED. R. CIV. P. 12(b)

(Doc. 7 and 50).

The Sheriff Dept. Defendants argue that they "owed no duty to Plaintiffs as a result of the statement they took from Defendant Catherine Norquest in connection with the missing

---

[7] Plaintiffs allege that Defendant Norquest-Vasquez was not reported to the State Board of Education, nor did the Edinburg School District terminate or discipline her. *Id*. at 15. She remained with the school district for four more years and then relocated to the P.S.J.A. Independent School District in Pharr, Texas. *Id.*
[8] Plaintiff Robert Twist alleges that this was the first time that he became aware of his son's relationship. (Doc. 39 at 16).
[9] The Court will review each motion to dismiss based on Plaintiffs' First Amended Complaint. (Doc. 39).
[10] Further, it appears that Plaintiffs in their First Amended Complaint drop claims based under 20 U.S.C. § 1681, 42 U.S.C. § 1981, 42 U.S.C. § 2000c-8, 42 U.S.C. § 2000d, 5th Amendment of the U.S. Constitution, Art. I § 19 of the Texas Constitution, and the Texas state law tort of intentional infliction of severe emotional distress. (Doc. 39). The Court will not consider the above-mentioned claims.

person/theft investigation." (Doc. 7 at 5).  Moreover, they claim that "they had no duty to inform Robert Twist of the existence or contents of the written statement of Catherine Norquest. Further, they had no duty to protect Matthew from another adult, or to aid his father in this matter." *Id*.  The Sheriff Dept. Defendants also contend that all of Plaintiffs' claims are barred by the applicable statute of limitations.[11] (Doc. 50 at 7-11).

**C. Sheriff Dept. Defendants' Motion to Dismiss under Texas Local Government Code Sec. 89.0041** (Docs. 10).

Additionally, the Sheriff Dept. Defendants bring another motion to dismiss based on Section 89.0041 of the Texas Local Government Code which provides that "a person filing suit against a county official, in the official's capacity as county official, shall deliver written notice to the county judge and the county or district attorney having jurisdiction to defend the county in a civil suit by the 30th business day after suit is failed." (Doc. 10 at 4).  Sheriff Dept. Defendants contend that since Plaintiffs have failed to deliver such required written notice to either the county judge or the district attorney, "the court in which the suit is pending shall dismiss the suit on a motion for dismissal made by the county or county official." *Id*. (citing TEX. LOC. GOV'T CODE § 89.0041(c)).   Thus, Sheriff Dept. Defendants argue for the dismissal of Plaintiffs' claims.[12]

**D. School Dist. Defendants' Motion to Dismiss under FED. R. CIV. P. 12(b)(6)**
(Docs. 29, 76).

The School District Defendants argue that Plaintiff Robert Twist asserts no legally recognizable cause of action or compensable damages permitting recovery and both Plaintiffs' causes of actions are barred by applicable statute of limitations. (Doc. 29 at 2).  They claim that Plaintiffs' claims are governed by Texas' two-year statute of limitations, which expired in September 2003. (Doc. 29 at 6, 11-13; Doc. 76 at 12).[13]

**II. Analysis**

Generally, a Rule 12(b)(6) motion to dismiss is "viewed with disfavor and rarely granted." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (*quoting*

---

[11] The Sheriff Dept. Defendants also incorporate Defendant Norquest-Vasquez's motions as applicable to their claims.

[12] The Court does not find it necessary to reach the arguments in this motion, as the Court dismisses both Plaintiffs' claims against the Sheriff Dept. Defendants on different grounds below.

[13] The School District Defendants also incorporate both Sheriff Dept. Defendants' and Defendant Norquest-Vasquez's motions to dismiss.

*Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)). In its consideration, a district court must assume that all material facts in the plaintiff's complaint are true and should not dismiss the complaint "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The district court should further evaluate "whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Id.* Dismissal is proper, however, "if the complaint lacks an allegation regarding a required element necessary to obtain relief'" or where plaintiff has alleged merely "conclusory allegations or legal conclusions masquerading as factual conclusions . . . ." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).

### A. Plaintiff Matthew Twist

Plaintiff Matthew Twist brings a cause of action against Norquest-Vasquez in her individual capacity based upon the tort of sexual assault and/or indecency with a child, as defined by the Tex. Penal Code §§ 21.11 and 22.011. (Doc. 39 at 7). Norquest-Vasquez argues that Plaintiff Matthew's claim is barred by statute of limitations. When a plaintiff is under eighteen years of age at the time of injury, he is under a legal disability for limitations purposes, and in such cases "claims for injuries suffered during childhood are deemed to accrue on the plaintiff's eighteenth birthday." *Doe v. Linam*, 225 F. Supp. 2d 731, 734 (D. Tex. 2002); *See* Tex. Civ. Prac. & Rem. Code § 16.001(a). Additionally, Tex. Civ. Prac. & Rem. Code § 16.0045 requires that "a person must bring suit for personal injury no later than five years after the day the cause of action accrues if the injury arises as a result of conduct that violates: (1) Section 33.011, Penal Code (sexual assault)…."

In this case, the acts alleged all occurred when Plaintiff was a minor. (Doc. 39 at 26). Therefore, Plaintiff Matthew's claims did not accrue until he turned eighteen on September 28, 2001. (Doc. 66 at 18). Thus, the five-year statute of limitations period for his sexual assault claim expired when he turned twenty-three on September 28, 2006. *See Linam*, 225 F.Supp.2d 731 at 734.[14] Plaintiff Matthew filed suit on September 26, 2006, two days before the expiration

---

[14] In *Linam*, the plaintiff brought various state law tort claims including negligence, intentional infliction of emotional distress, conspiracy, breach of fiduciary duty, and fraud. *Linam*, 225 F.Supp.2d 731 at 733. The district court dismissed all claims based on their applicable statute of limitations—five-years for sexual assault, four-years for fraud and breach of fiduciary duty, and two-years for negligence, intentional infliction of emotional distress, and

5 / 10

of his sexual assault claim. Therefore, Plaintiff Matthew's sexual assault claim survives Defendant Norquest-Vasquez's motion to dismiss.

Additionally, Plaintiff Matthew, in his response, states the following causes of action against Defendant Norquest-Vasquez and other Defendants: (a) reckless infliction of emotional distress; and (c) violations of the due process clause of the 14th Amendment—violation of bodily integrity, reckless interference with family integrity, freedom from sexual harassment, and abuse of power.[15] (Doc. 66 at 5). Plaintiff Matthew also brings causes of action based on the Texas Tort Claims Act (premise liability), discrimination, negligent interference with family relations, negligence based upon various sections of the TEX. FAM. CODE, negligence based upon sections of the TEX. PEN. CODE, the TEX. EDUC. CODE, civil conspiracy, 42 U.S.C. §§ 1983 and 1985, violations of the 14th amendment, and 18 U.S.C. § 2421. (Doc. 39 at 8). It is ambiguous whether Plaintiffs Matthew and Robert, together, bring these claims because their pleading only refers to "Plaintiffs." (Doc. 39 at 7). Therefore, viewed in the light most favorable to the plaintiff, the Court will treat these claims as being brought by both Plaintiffs.

Since Plaintiff Matthew's sexual assault claim is the only claim that was brought within its limitation period, Matthew's other claims against all Defendants, including those that arise under federal law, must fail. Plaintiff Matthew's claims of reckless infliction of emotion distress, premise liability, discrimination, and negligence all provide two-year statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a); *Linam*, 225 F.Supp.2d 731 at 734. Plaintiff Matthew's federal and constitutional causes of action also fall within the applicable two-year statute of limitations. As no federal statute of limitation exists for § 1983 or § 1985 actions, federal courts defer to the forum state's general personal injury limitations period. *Burns v. Harris County Bail Bond Bd.*, 139 F.3d 513, 518 (5th Cir. 1998). In Texas, the applicable period is two years. *Id.* (citing TEX. PRAC. & REM. CODE § 16.003(a) (2005) (general statute of limitations for intentional torts)); *See Helton v. Clements*, 832 F.2d 332, 334 (5th Cir. 1987) ("Civil rights actions brought under 42 U.S.C. §§§§ 1981, 1983, 1985, 1988 are deemed

---

conspiracy—because Plaintiff brought suit at the age of 28, three years too late, even for the extended sexual assault limitations period. *Id*. at 734. Moreover, the court also found Plaintiff's limitation defenses based on the discovery rule and fraudulent concealment to be meritless. *Id*. at 737.

[15] Plaintiffs' response indicates the foregoing causes of action against Norquest-Vasquez and other Defendants. (Doc. 66 at 5). However, Plaintiffs' response includes references and arguments from a Proposed Second Amended Complaint. To the extent that it is possible to distinguish the causes of action brought in the First Amended Complaint from the proposed pleading, the Court will only address the claims pleaded in Plaintiffs' current First Amended Complaint. (Doc. 39).

analogous to Texas tort actions, and therefore, the applicable limitations period is [two years]").

Additionally, Matthew's federal claim under the Mann Act, 18 U.S.C. § 2421, does not provide a private right of action.[16] *See Cort v. Ash*, 422 U.S. 66, 78-79 (1975) (creating a four part test to determine when federal courts may infer a civil remedy from a federal statute). The four part test includes:

> (a) whether plaintiff is within a class for whose special benefit the statute was enacted;
> (b) whether there is legislative intent to create or deny such a remedy;
> (c) whether such remedy is consistent with the legislative scheme's purpose; and
> (d) whether such cause of action is one traditionally relegated to state law in an area of concern to the States so that it would be inappropriate to infer a claim based solely on federal law.

*Id*. The purpose of the Mann Act is to protect the morals of the community. *United States v. Lowe*, 145 F.3d 45, 52 (1st. Cir. 1998). Originally, the Act sought to eliminate "white slavery" and protect women from such interstate commerce. *Wyatt v. United States*, 362 U.S. 525, 530 (1960). It is clear that the statute is penal in nature and does not provide a civil remedy for damages.[17] Moreover, there is no evidence of congressional intent to create such a remedy.

Thus, all of Matthew's causes of action are dismissed except his sexual assault claim against Defendant Norquest-Vasquez, as it was filed within its applicable statute of limitations.

### B. Plaintiff Robert Twist

In his response, Plaintiff Robert Twist alleges the following causes of action: (a) violation of due process under the 14th Amendment—reckless interference with family integrity, supervisor liability, failure to supervise, abuse of power; and (b) reckless infliction of emotion distress.[18] (Doc. 66 at 7). Like Matthew, Plaintiff Robert also brings claims based upon the Texas Tort Claims Act (premise liability), discrimination, negligent interference with family relations and/ or interference with a contract, negligence based on violations of the Texas Family

---

[16] 18 U.S.C. § 2421 provides: "Whoever knowingly transports any individual in interstate or foreign commerce, or in any Territory or Possession of the United States, with intent that such individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title or imprisoned not more than 10 years, or both."

[17] Plaintiff Robert also appears to bring this cause of action. The same analysis applies to Plaintiff Robert below.

[18] To the extent that it is possible to distinguish the causes of action brought in the First Amended Complaint from the proposed pleading argued in Plaintiffs' response, the Court will only address the claims pleaded in Plaintiffs' First Amended Complaint. (Doc. 39).

Code, Texas Penal Code, and Texas Education Code, and civil conspiracy. (Doc. 39 at 8). Lastly, Plaintiff Robert brings several causes of action that arise under federal law including 42 U.S.C. §§ 1983 and 1985, 14th amendment based upon discrimination and due process, and 18 U.S.C. § 2421. *Id.*

Plaintiff Robert's causes of action fail for the same reason as Matthew's—applicable statutes of limitation. However, in an attempt to defeat Defendants' limitations defense, Plaintiff Robert pleads doctrines of fraudulent concealment, continuing breach of non-discretionary duty, and discovery. (Doc. 39 at 25-26.) Moreover, it appears that Robert also relies on the five-year statute of limitations under TEX. CIV. PRAC. & REM. CODE § 16.0045, in which Plaintiff Matthew is able to utilize the extended five-year statute to bring his sexual assault claim against Defendant Norquest-Vasquez. However, as the Court explains below, all of these exceptions fail to defeat Defendants' statute of limitations defense.

### i. Fraudulent Concealment and the Discovery Rule

The doctrine of fraudulent concealment tolls accrual of a statute of limitation. *Linam*, 225 F. Supp. 2d 731 at 736. This tolling doctrine applies when a defendant has a duty to disclose but instead fraudulently conceals the existence of a cause of action from the party to whom it belongs. *Id*. Thus, "the defendant is estopped from relying on the defense of limitations until the party learns of the right of action or should have learned thereof through the exercise of reasonable diligence." *Id*. (*quoting Borderlon v. Peck*, 661 S.W.2d 907, 908 (Tex. 1996). "Significantly, the estoppel effect of fraudulent concealment ends when a party learns of facts, conditions, or circumstances which would cause a reasonably prudent person to make inquiry, which, if pursued, would lead to discovery of the concealed cause of action." *Id*. In order for a plaintiff to utilize the effects of this doctrine, he must show: "(1) the defendant had actual knowledge of the wrong, (2) a duty to disclose the wrong, (3) a fixed purpose to conceal the wrong." *Bridges v. Metabolife Int'l, Inc.*, 119 Fed. Appx. 660 (5th Cir. 2005).

The discovery rule also bars a defendant's statute of limitations defense. *See Linam*, 225 F.Supp.2d at 735. This rule applies to defer accrual of a cause of action until the plaintiff knew or, in the exercise of reasonable diligence, should have known of facts giving rise to the cause of action. *Computer Assocs. Int'l, Inc. v. Altai, Inc.,* 918 S.W.2d 453, 455 (Tex. 1994). The discovery rule only applies to cases in which the injury is inherently undiscoverable and the evidence of injury is objectively verifiable. *Altai*, 918 S.W.2d at 456. "The inherently

8 / 10

undiscoverable prong of the discovery rule requires the Court to determine whether the alleged wrongful act and resulting injury were inherently unknowable at the time they occurred." *Linam*, 225 F.Supp.2d at 735.

In this case, Plaintiff Robert alleges that "the Defendants' fraud, as evidenced by their failure to disclose the wrongful acts when the Defendants had a nondiscretionary duty to disclose same to the Plaintiffs deprived the Plaintiffs of an opportunity of availing themselves to their right of redress." (Doc. 39 at 25).  However, as the Defendants correctly assert, they had no actual knowledge of a sexual relationship other than through Norquest-Vasquez's statement, which only refers to an 'intimate but *not* a sexual' relationship.  Moreover, Robert's pleadings negate that the matter was inherently undiscoverable.  Through the exercise of reasonable diligence, Robert could have discovered the alleged relationship, as he was obviously aware of a close relationship between his son and Norquest-Vasquez.  This is evident when Robert first discovered that Matthew was missing because he had his other son called the Defendant to inquire about Matthew's whereabouts.  Robert had also discovered Defendant Norquest-Vasquez's telephone number in Matthew's room and provided it to the Sherriff's Dept.  Thus, Robert Twist had the opportunity to discover the alleged relationship that he claims was fraudulently concealed from him.  Accordingly, these two doctrines do not defeat Defendants' statute of limitations defense.

### ii.   Continuing Breach of Non-Discretionary Duty

Plaintiff Robert's continuing breach of non-discretionary duty theory appears to be based on the similar argument addressed above.  The continuing tort doctrine involves wrongful conduct that has been inflicted over a period of time, with each day creating a separate cause of action. *W.W. Laubach Trust v. Georgetown Corp.*, 80 S.W.3d 149, 159 (Tex. App.—Austin 2002, pet. denied).  The theory is not applicable to Robert's claims, as it has been applied primarily to trespass, nuisance, and false imprisonment cases.  These types of cases present situations in which a court can enjoin or otherwise terminate the tortuous conduct.  Thus, this doctrine does not defeat Defendants' statute of limitations defense.

### iii.   TEX. CIV. PRAC. & REM. CODE § 16.0045

Lastly, Plaintiff Robert also claims that his causes of action should be tolled based on the extended five-year statute of limitation.  The section provides that a personal injury claim may be brought five years after the action accrues if the injury arises from conduct that violates TEX.

PEN. CODE § 22.011 (sexual assault) or 22.021 (aggravated sexual assault). *See* TEX. CIV. PRAC. & REM. CODE § 16.0045 (Vernon 2005). However, Robert's claims do not arise as a result of sexual assault that he suffered. In other words, Robert was not the victim of the alleged sexual assault. In fact, Robert's claims hinge on Defendants' failure to report the alleged sexual relationship between Defendant Norquest-Vasquez and Plaintiff Matthew, and that this interfered with his parental rights. Therefore, because Robert's claims do not arise from sexual assault, but rather from failure to report, this section does not provide Robert with the same extended five-year statute of limitation that his son, Matthew received.

### III. Conclusion

Accordingly, all of Plaintiffs' claims are dismissed as barred by the applicable statute of limitations except Plaintiff Matthew's sexual assault tort claim against Defendant Norquest-Vasquez. Thus, Defendant Norquest-Vasquez's motions to dismiss are **GRANTED AND DENIED IN PART**. (Docs. 4, 41, 72). The Court **GRANTS** Sheriff Dept. Defendants' Motion to Dismiss (Docs. 7, 10, 60), and **GRANTS** School Dist. Defendants' Motion to Dismiss (Docs. 29, 76).

SO ORDERED this 19th day of July, 2007, at McAllen, Texas.

_____
Randy Crane
United States District Judge